UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS HERNANDEZ, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>  -against-<br><br>LA RUANA BAR, INC., d/b/a LA RUANA PAISA RESTAURANT AND BAR, PAULA SEVILLANO, and CHRISTINA SEVILLANO,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**Collective Action and Class Action Complaint** |

Plaintiff CARLOS HERNANDEZ individually and on behalf of other similarly situated employees by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendants LA RUANA PAISA, INC. ("La Ruana Paisa", the "restaurant" or the "Corporate Defendant"), PAULA SEVILLANO, and CHRISTINA SEVILLANO (the "Individual Defendants")(the Corporate Defendant and Individual Defendants are collectively "Defendants") as follows:

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, Defendant La Ruana Paisa is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 92-03 37th Ave, Queens, NY 11372.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8. Upon information and belief, Individual Defendants reside in the State of New York and are owners, managers, and/or employees of the Corporate Defendant.

9. Defendants operate a restaurant serving traditional Colombian food.

10. Upon information and belief, Defendant Paula Sevillano is the principal and officer of La Ruana Paisa.

11. Upon information and belief, Individual Defendants both possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

12. Plaintiff has been employed by Defendants to work as a cook within the last six (6) years.

13. Individual Defendants are engaged in business in the City of New York, County of Queens. They are sued individually in their capacities as owners, officers, employees, and/or agents of the Corporate Defendant.

14. Individual Defendants exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employers under FLSA and New York State Labor Law ("NYLL").

15. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

**NATURE OF THE ACTION**

16. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto on behalf of himself and other similarly situated employees who were employed by Defendants within three (3) years before the filing of the instant Complaint; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.* on behalf of himself and other similarly situated employees who worked on or after the date that is six (6) years before the filing of the instant Complaint, based upon the following acts and/or omissions which Defendants committed:

    i. Defendants' failure to pay proper overtime compensation required by federal and state law and regulations to Plaintiff, who worked in excess of forty (40) hours per week;

    ii. Defendants' failure to pay Plaintiff the proper minimum wage; and

    iii. Defendants' failure to provide Plaintiff with a wage notice and proper paystubs as required by NYLL § 195.

17. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

18. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

19. Defendants have maintained a policy and practice to not pay Plaintiff and other similarly situated employees in accordance with federal and New York State law.

20. Defendants maintain a workforce of cooks, wait staff, and other positions, all of whom are paid in violation of federal and New York State laws.

21. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff and other similarly situated employees who worked in excess of forty (40) hours per week.

22. Defendants have maintained a policy and practice of failing to pay their employees minimum wage.

23. Defendants have maintained a policy and practice of failing to provide Plaintiff and other similarly situated employees with wage notices and proper paystubs.

### A. Plaintiff's Schedule and Pay.

24. Plaintiff worked for Defendants as a cook from approximately January 2018 until April 2021.

25. Plaintiff regularly worked six days a week, with the exception of two months between May 15, 2020 and July 9, 2020 when the restaurant was closed due to the COVID-19 pandemic.

26. After the restaurant's brief closure, Plaintiff worked for seven days a week for two months, but then returned to his previous six day per week schedule.

27. With the exception of the period above, Plaintiff worked 5 days a week.

28. Throughout Plaintiff's employment, Plaintiff worked on Monday, Wednesday, and Thursday from 3:00 p.m. until 11:00 p.m.

29. On Sunday, Plaintiff worked from 1:00 p.m. until 11:00 p.m.

30. On Friday and Saturday, Plaintiff worked from 1:00 p.m. until 1:00 a.m.

31. At least once a week in the summer, Plaintiff stayed until 2:00 a.m. to clean.

32. During the two months after the restaurant reopened in July 2020, Plaintiff also worked on Tuesday from 10:00 a.m. until 7:00 p.m.

33. Plaintiff therefore regularly worked more than 40 hours a week.

34. Defendants paid Plaintiff a set $500 per week at the beginning of his employment.

35. Plaintiff's weekly wage was raised to $650 per week in January 2020.

36. Defendants raised Plaintiff's pay to $700 in September 2020.

37. Although Plaintiff regularly worked more than 40 hours each week, Defendants never paid him at an overtime premium of 150% of his regular rate.

### B. Notice and Recordkeeping Violations.

38. Defendants failed to provide Plaintiff with a wage notice or paystubs in compliance with NYLL § 195.

39. Defendants did not provide Plaintiff with a notice specifying his rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

40. Defendants also did not provide Plaintiff with a paystub specifying the pay period, his hourly rate of pay, the regular and overtime hours he worked, or all the other information required under NYLL § 195.

41. Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### C. Defendants' Failure to Pay Spread-of-Hours Payments.

42. Defendants failed to pay Plaintiff spread-of-hours payments.

43. Defendants did not pay Plaintiff for an extra hour of work at the minimum wage when Plaintiff worked more than 10 hours in a day

### II. Collective Action Allegations.

44. Defendants' violations of the FLSA and NYLL extend beyond the Plaintiff to all other similarly situated employees. Plaintiff's Consent to Sue is attached as **Exhibit 1**.

45. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated current and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

46. Upon information and belief, there are at least 10-15 restaurant workers and other employees performing similar duties who have been denied overtime compensation while working for Defendants.

47. At all relevant times, Plaintiff and others who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay the statutorily required overtime compensation for hours worked in excess of forty (40) per workweek. Plaintiff's claims stated herein are similar to those of other employees.

48. Similarly situated former and current employees are readily identifiable and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

### III. Class Action Allegations Under Fed. R. Civ. P. 23(b)(3) for Violations of the NYLL.

49. Plaintiff brings this action collectively on behalf of himself and other similarly situated employees who did not receive compensation required by the NYLL in respect to their work for Defendants and who have worked for the Defendants as warehouse workers on or after the date that is six (6) years before the filing of the instant Complaint.

50. Upon information and belief, this class of persons consists of 40 persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed.R.Civ.P.23(a)(1).

51.     There are questions of law and fact common to the class, which predominate over any questions affecting only individual members, specifically: whether employment of Plaintiff by Defendants is subject to jurisdiction and wage and overtime requirements of the NYLL.

52.     The claims of Plaintiff are typical of the claims of the above-described class in that all of the members of the class have been similarly affected by the acts and practices of Defendants.

53.     Plaintiff will fairly and adequately protect the interests of the members of the class, in that his interests are not adverse to the interests of other members of the class.

54.     A class action is superior to the other available methods for the fair and efficient adjudication of the controversy under the standards of Fed.R.Civ.P.23(b)(3).

55.     Plaintiff brings the second through fifth claims for relief herein on behalf of himself and all other persons similarly situated as a class action pursuant to Fed.R.Civ.P. 23, in respect to all claims that Plaintiff and all persons similarly situated have against Defendants as a result of Defendants' violations of NYLL.

## FIRST CLAIM FOR RELIEF
**(Overtime Wage Violations under the FLSA)**

56.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57.     Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

58.     At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff and

others similarly situated at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

59. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
(Overtime Wage Violations under NYLL)

60. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

61. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

62. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

63. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### (Minimum Wage Violations under NYLL)

64. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65. New York law requires an employer to pay all employees minimum wage, which was set at $13 per hour for all New York City employers employing more than 10 people as of December 31, 2017, then at $15 starting on December 31, 2018.

66. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff and others similarly situated at the required minimum wage rate.

67. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and others similarly situated have sustained damages and seek recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF
### (NYLL Failure to Notify against all Defendants)

68. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

69. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff and other similarly situated employees' hiring, Defendants were obligated to provide them with a notice describing, *inter alia*, their hourly regular and overtime rates of pay.

70. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff and other similarly situated employees with a wage statement, along with their pay, that specified their rate of pay, their hours worked, and the pay period.

71. Defendants failed to provide Plaintiff and other similarly situated employees with a notice or paystub in accordance with §195 of the NYLL.

72. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### (NYLL Unpaid Spread-of-Hours against all Defendants)

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. Pursuant to 12 NYCRR 146-1.6, Defendants had an obligation to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage for each day he worked more than 10 hours.

75. Although Plaintiff regularly worked more than 10 hours in a day, Defendants failed to compensate Plaintiff and other similarly situated employees for one hour's pay at the minimum wage.

76. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff and other similarly situated employees have sustained damages and seek recovery for spread-of-hours pay in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: April 7, 2022
   New York, New York

Respectfully submitted,

*Michael Taubenfeld*

Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (646) 741-3490
*ATTORNEYS FOR PLAINTIFF*

# EXHIBIT 1

## **AUTORIZACIÓN PARA DEMANDAR BAJO LA LEY FEDERAL DE NORMAS RAZONABLES DE TRABAJO**

Soy un individuo que fue empleado de LA RUANA BAR, INC., d/b/a LA RUANA PAISA RESTAURANT AND BAR, PAULA SEVILLANO, y CHRISTINA SEVILLANO., o de entidades relacionadas. Autorizo ser demandante en una acción para recolectar sueldos impagos. Acepto cumplir con los términos del Contrato de Prestación de Servicios Profesionales que firmé para este caso.

Carlos Hernandez

_____
NOMBRE

[DocuSigned by: JH / 1809BC5A797B47C...]

_____
FIRMA

4/7/2022

_____
FECHA

**CONSENT TO SUE UNDER FEDERAL FAIR LABOR STANDARDS ACT**

I am an individual who was formerly employed by LA RUANA BAR, INC., d/b/a LA RUANA PAISA RESTAURANT AND BAR, PAULA SEVILLANO, y CHRISTINA SEVILLANO., and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Professional Services Agreement signed by me in this case.

SIGNATURE

_____

DATE

_____

I hereby declare that I am fluent in both the Spanish and English languages and that English translation of the above Consent to Sue form is a true translation of the Spanish Consent to Sue form signed by Carlos Hernandez.

*Katherine Tenempaguay*
_____
KATHERINE TENEMPAGUAY