# FISHER | TAUBENFELD LLP

225 Broadway, Suite 1700
New York, New York 10007
**Main** 212.571.0700
**Fax** 212.505.2001
www.fishertaubenfeld.com

Writer's direct dial: (212) 384-0258
Writer's email: michael@fishertaubenfeld.com

March 24, 2023

**VIA ECF**
Honorable James R. Cho
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: Hernandez v. La Ruana Bar, Inc. *et al.*
> Case No.: 22-CV-01998 (ARR) (JRC)

Dear Judge Cho:

      We represent Plaintiff in the above-referenced matter. We write to request that the Court approve the parties' settlement under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 206 (2d Cir. 2015). Attached is the parties' settlement agreement (**Exhibit 1**), along with an executed stipulation of dismissal (**Exhibit 2**).

## 1. Procedural History and Background to the Settlement.

      Plaintiff alleges that he worked for Defendants, a restaurant and its owners, as a cook from in or about January 2018 until on or about April 2021. In pre-mediation discovery, Defendants produced pay records for most of Plaintiff's employment and time records for most of 2020 and 2021. Plaintiff asserts that these records reflect that Plaintiff generally worked approximately 51 hours a week, and that Defendants paid Plaintiff for his first 40 hours at a rate below the minimum wage for each of those hours and did not pay Plaintiff time-and-a-half for his overtime hours. Plaintiff also alleges that he worked similar hours in 2018 and 2019 prior to when Defendants maintained time records, during which time he claims Defendants also paid him less than the minimum wage for his regular hours and failed to pay him overtime pay. Plaintiff also alleges that Defendants failed to pay Plaintiff spread-of-hours pay when he worked more than 10 hours a day, which he did regularly. Finally, Plaintiff asserts that Defendants failed to provide him with proper paperwork, specifically wage notices or paystubs. According to Plaintiff, these policies violated the FLSA and NYLL.

      Based on Defendants' records and his own recollection to fill in the gaps, Plaintiff calculated that he is owed $18,762.56 in unpaid overtime pay, $16,006.94 in unpaid minimum wage, and $5,089.30 in unpaid spread-of-houses, for a total of $39,858.80. Plaintiff also

determined that he is owed an equal amount in liquidated damages and $10,000 for violations of NYLL 195. Plaintiff therefore asserted that he was entitled to $89,717.60 in total damages.

The parties attended mediation through the EDNY mediation panel. With the assistance of the mediator, the parties reached a settlement, which they ultimately finalized in a written signed agreement. Under the agreement, Defendants agreed to pay $35,000 over 14 months for a total of $2,500 each month. Defendants' payment obligation began on November 30, 2022, but Defendants do not have to make their first payment until 14 days after the Court approves the settlement. The payments to Plaintiff shall be as follows: Plaintiff shall receive $22,471.33 and Plaintiff's counsel shall receive $12,528.67, which is one-third of the settlement net of $1,293.00 in costs, plus the costs.

As part of the agreement, all Defendants have agreed to confessions of judgment mandating that Defendants pay 150% extra should they breach the agreement. The agreement also provides that Plaintiff release any wage and hour claims, and both parties agree to a mutual nondisparagement clause that contains a carveout for truthful statements regarding this lawsuit and Plaintiff's employment. Defendants also agree to a neutral reference.

## 2. The Settlement is Fair and Reasonable.

The settlement is fair and reasonable under Cheeks. Plaintiff is receiving $35,000 over 14 months in exchange for releasing his claims and his first 4 months of pay have already accrued since Defendants' payment obligations began on November 30, 2023. The amount and payout of the agreement is fair and reasonable. Plaintiff is receiving approximately 88% of his minimum wage, overtime, and spread-of-hours damages, which is a significant percentage. Plaintiff receives these payments in short order rather than having to engage in discovery, motion practice, trial, and appeals, a process that will likely take many years. In addition, Defendants have disputed some of Plaintiff's damages, particularly the portions before they maintained records, and to recover Plaintiff will need to establish these claims to a judge or jury. Further, Defendants credibly argued that the pandemic has hurt their business, and Plaintiff must take those claims into account.

The nonfinancial terms are reasonable too. There is no confidentiality provision or provision prohibiting Plaintiff from reapplying for work with Defendants. While there is a nondisparagement clause, it is mutual, and there is a carveout for truthful statements, which courts regularly approve. Warren v. Aba Noub, Ltd., No. 21-CV-365 (SHS), 2021 WL 1841685, at *2 (S.D.N.Y. May 7, 2021).

Finally, the attorneys' fees are fair and reasonable as well. Counsel will be receiving $11,235.67 in fees, which is 33.3% of the total amount after deducting $1,293.00 in costs, which are (1) $402 in filing fees, (2) $205 in service costs, (3) $675 for mediation costs, and (4) $11.02 for Fedexing a letter to Defendants in an attempt to resolve this matter prior to litigation. (**Exhibit 3**)[1] Courts in this Circuit regularly approve settlements of one-third or less and Plaintiff's

---

[1] My firm is submitting an invoice for service and mediation costs. The actual mediation cost is $695.25, and we are only requesting $675 due to an error that we caught after the settlement agreement had been signed. The Court can take judicial notice of the filing fee. Swain v. Jodlowski, No. 20 CIV. 617 (AEK), 2021 WL 2313478, at *3 (S.D.N.Y.

retainer agreement provides for a contingency fee greater than one-third.  (**Exhibit 4**).  <u>See</u>, e.g., <u>Ezpino v. CDL Underground Specialists, Inc.</u>, No. 14CV3173DRHSIL, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017), <u>report and recommendation adopted,</u> No. CV143173DRHSIL, 2017 WL 3037406 (E.D.N.Y. July 17, 2017) ("A one-third contingency fee is a commonly accepted fee in this Circuit.")  Regarding calculating the lodestar, as will be explained below, Plaintiff's lodestar is $6,880. I am requesting an hourly rate of $400. I am a partner at Fisher Taubenfeld LLP.  I was admitted to the Bar of the State of New York in 2008 and since then have practiced labor and employment law, with a strong focus on wage-and-hour law.  I have litigated as the primary attorney dozens of FLSA cases and have been designated class counsel in a FLSA case in this District in <u>Gonzalez et al v. Allied Concrete Industries Inc. et al.</u>, EDNY Case No.: 2:14-cv-4771 (JFB)(AKT) in which Judge Brown recently granted partial summary judgment for the class on liability and damages. I have also successfully won appeals in wage-and-hour matters before the Second Circuit and New York courts. <u>Catzin v. Thank You & Good Luck Corp.</u>, 899 F.3d 77 (2d Cir. 2018); <u>Hichez v. United Jewish Council of the E. Side</u>, 179 A.D.3d 576, 117 N.Y.S.3d 214 (N.Y. App. Div. 2020). I am a member of the New York chapter of the National Employment Lawyers Association (NELA-NY) and have been invited to give CLEs on the FLSA.  I have also been named a "Rising Star" by Super Lawyers and Fisher Taubenfeld LLP bills my work at $495 an hour to non-contingency based clients.  Courts in this District have awarded hourly rates of $400 to experienced FLSA practioners.  <u>Tarazona v. Rotana Cafe & Rest. Inc.</u>, No. 16-CV-76 (PK), 2017 WL 2788787, at *2 (E.D.N.Y. June 27, 2017); <u>Vargas v. Jet Peru-Courier Corp.</u>, No. 15-CV-6859 (RRM)(PK), 2018 WL 1545699, at *11 (E.D.N.Y. Mar. 14, 2018).

       The hours expended are appropriate as well.  Plaintiffs' counsel spent 17.2 hours on this matter for a total of $6,880, which is a lodestar of 1.63.  See (**Exhibit 5**).  This work involved drafting the complaint, preparing the damages calculations, negotiating the settlement, communicating with Plaintiff, drafting a mediation statement, attending the mediation, and drafting the settlement paperwork.  Courts have allowed similar lodestars.  <u>Lesser v. TIAA Bank, FSB</u>, No. 19-CV-1707 (BCM), 2020 WL 6151317, at *3 (S.D.N.Y. Oct. 20, 2020) (permitting a lodestar of 2.685).  Fees and costs are therefore warranted.

       We greatly appreciate the Court's attention to this matter.

       Very truly yours,
       --------------/s/------------
       Michael Taubenfeld

Encl.

---

May 7, 2021).  My firm unfortunately has not been able to obtain a record of the FedEx, but represents that we incurred the expense in an attempt to resolve this matter prior to litigation.  We did not include the time spent on drafting the demand letter in fees submitted as part of this motion.